**In re REDFORD ROOFING CO., INC., Debtors.**

**Bankruptcy No. 83 B 1613.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Sept. 4, 1985.

Cohen & Cohen, Chicago, Ill., for Allan R. Cohen, trustee.

Virgil W. Mungy & Associates, Chicago, Ill., for Felipe Perez, claimant.

## MEMORANDUM OPINION AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This cause coming on to be heard upon the Objection of the Trustee, ALLAN R. COHEN, represented by COHEN & COHEN, to the priority status of claim No. 6 filed by FELIPE PEREZ, represented by VIRGIL W. MUNGY & ASSOCIATES, and the Court, having considered the record in this case and the pleadings on file, and having examined the Memoranda of Law filed by the parties in support of their respective positions, and having afforded the parties an opportunity for hearing, and having found that this cause constitutes a core proceeding, and being fully advised in the premises;

The Court Finds:

1. On February 4, 1983, the Debtor, REDFORD ROOFING COMPANY, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Thereafter, on March 29, 1983, ALLAN R. COHEN filed an acceptance of his appointment as interim trustee respecting this case.

2. On September 21, 1983, FELIPE PEREZ [Perez], filed a priority claim in the amount of $29,031.83 for disability, medical expenses and industrial compensation due under the Illinois Workers' Compensation Act, Ill.Rev.Stat., ch. 48, ¶ 138.1 et seq.

(1983), for injuries he sustained while in Debtor's employ when he was burned by hot tar. At the time the claim was filed Perez had filed a workers' compensation claim with the Illinois Industrial Commission, case no. 82 WC 48986.

3. On September 5, 1984, the Trustee filed an objection to the priority status of Perez's claim.

4. On November 15, 1984, the Arbitrator filed his decision in favor of Perez with the Illinois Industrial Commission. The Arbitrator found that Perez sustained accidental injuries in the course of his employment by the Debtor and awarded Perez $8,928.46 for medical expenses and 53.143 weeks of compensation at $133.33 per week. On November 19, 1984, Perez amended his proof of claim to reflect the Industrial Commission award of $16,014.00.

The Court Concludes and Further Finds:

1. Perez contends that his claim is entitled to priority pursuant to section 21 of the Illinois Workers' Compensation Act, Ill. Rev.Stat., ch. 48, ¶ 138.21 (1983), which provides:

> No payment, claim, award or decision under this Act shall be assignable or subject to any lien, attachment or garnishment, or be held liable in any way for any lien, debt, penalty or damages, except the beneficiary or beneficiaries of a deceased employee who was a member or annuitant under Article 14 of the "Illinois Pension Code" may assign any benefits payable under this Act to the State Employees' Retirement System. *The compensation allowed by any award or decision of the Commission shall be entitled to a preference over the unsecured debts of the employer, wages excepted, contracted after the date of the injury to an employee.* A decision or award of the Commission against an employer for compensation under this Act, or a written agreement by an employer to pay such compensation shall, upon the filing of a certified copy of the decision or said agreement, as the case may be, with the recorder of the county, constitute a lien upon all property of the employer within the county, paramount to all other claims or liens, except mortgages, trust deeds, or for wages or taxes. Such liens may be enforced in the manner provided for the foreclosure of mortgages under the laws of this State.

Ill.Rev.Stat., ch. 48, ¶ 138.21 (1983) (emphasis added).

2. Illinois law may establish priorities for the benefit of claimants such as Perez. Nonetheless, in Bankruptcy matters, the Bankruptcy Code takes precedence over conflicting state statutes. *See United States v. Kalishman,* 346 F.2d 514, 517 (8th Cir.1965). Priority of distribution in a bankruptcy case is governed exclusively by sections 507 and 726 of the Bankruptcy Code. 11 U.S.C. §§ 507, 726.

3. Perez's workers' compensation claim is not granted priority by any subsection of section 507 of the Bankruptcy Code. It is not a claim for wages. 11 U.S.C. § 507(a)(3). Pre-petition workers' compensation claims are not expenses of administration. *In re Rea Express, Inc.,* 442 F.Supp. 71, 72 (S.D.N.Y.1977) *aff'd* 591 F.2d 1331, 1332 (2d Cir.1978). The Trustee's objection to the priority status of the claim filed by Perez is sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the objection filed by ALLAN R. COHEN, Trustee of the estate of Debtor, REDFORD ROOFING CO., INC., to the priority status of Claim No. 6 filed by FELIPE PEREZ be, and the same is hereby sustained.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Claim No. 6 filed in these proceedings by FELIPE PEREZ in the amount of $16,014.00 be, and the same is hereby allowed as an unsecured claim not entitled to priority under section 507 of the Bankruptcy Code.